Opinion of the court by
Judge Mills.
[Absent Ch. Justice Bibb.]
This is a decree dissolving an injunction on a judgment at law, and dismissing the bill with damages and costs.
We conceive this decree, that far, right on the merits. But the court below rendered a decree for *43 the amount of the judgment, the damages and costs, against the surety in the injunction bond, pursuant to the directions of an act of assembly, passed Dec. 18, 1800, 2 Dig. L. K. 671, which provides, that “on the dissolution of an in injunction, judgment shall be given by the court against the securities, as well as the plaintiff in the injunction bond. And in all bonds hereafter given on appeals and writs of error, when the judgment of the superior court shall be affirmed in part, or in the whole, the judgment shall be given against the securities in said appeal, or supersedeas bond, as well as against the principal, and execution shall issue accordingly.”
The 9th sec. of the Act of 1800, (2 Dig. L. K. 671,) authorising judgment against the sureties in the bond, on the dissolution of the injunction, is unconstitutional & void.
The decision of this court given shortly after the passage of the Act, and the long acquiescence in the decision, held sufficient against the act.
Todd, for plaintiffs.
Upwards of twenty years since, and shortly after the passage of this act, this court decided it to be unconstitutional, and refused to enforce it, and the act has remained in our code as a dead letter ever since, and among all the courts, superior and inferior, notwithstanding the imperative language of the act, not one. till the present case, has ever undertaken to render a judgment or decree, enforcing it. After such a total disregard of its provisions, and such a long acquiescence by the judicial sense of the state, we think ourselves bound, whatever our private opinions might be, were it res nova, not to enforce it: especially as its operation would prove a surprise upon many litigants and more, sureties, who had not believed themselves in such danger, when they executed such bonds. It is not easy to foresee what would be the effect of such enforcement against all the sureties now bound in injunction, supersedeas and appeal bonds. The operation of one new rule, is often more extensive, than the abolition of many old ones.
The decree must therefore be reversed with costs, and the cause be remanded, with directions to enter a decree dissolving the injunction, and dismissing the bill with damages and costs, against the complainant alone, in usual form.